871 A.2d 663

IN THE MATTER OF THEODORE F. KOZLOWSKI, AN
ATTORNEY AT LAW (ATTORNEY NO. 024181978).

May 5, 2005.

# ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–317, concluding that **THEODORE F. KOZLOWSKI** of **MORRISTOWN,** who was admitted to the bar of this State in 1978, and who thereafter was suspended from the practice of law effective October 13, 2004, by Order of the Court filed September 16, 2004, and who remains suspended at this time, should be suspended from the practice of law for a period of six months for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client), RPC 3.2 (failure to expedite litigation), *RPC* 8.1(b) (failure to cooperate with ethics authorities), and *RPC* 8.4(b) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And **THEODORE F. KOZLOWSKI** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **THEODORE F. KOZLOWSKI** is suspended from the practice of law for a period of one year and until the further Order of the Court, retroactive to January 1, 2005; and it is further

ORDERED that on reinstatement to the practice, respondent shall not practice law as a solo practitioner until the further Order of the Court; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that he continue to comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:20–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.